**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN CAFIERO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **v.** | ) | |
| | ) | **(Removed from the Circuit Court of St.** |
| | ) | **Louis County, State of Missouri)** |
| **KEURIG DR PEPPER INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Dr Pepper/Seven Up Manufacturing Company (improperly named "Keurig Dr Pepper Inc.") ("Defendant"), by and through undersigned counsel, hereby files its Notice of Removal by and through the undersigned attorneys of record. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action is removed from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of Defendant's Notice of Removal, Defendant states as follows:

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. Plaintiff Steven Cafiero ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Louis County, Missouri on September 14, 2021 by filing his Petition in the case styled *Steven Cafiero v. Keurig Dr Pepper Inc.*, Cause No.: 21SL-CC04303 (the "State Court Action") against Defendant.

2. Plaintiff's Petition alleges violations of the Missouri Human Rights Act ("MHRA"), § 213.010 RSMo., *et seq.* Defendant was served with a summons and copy of the Petition on October 1, 2021. A true and correct copy the Server's Return of Service and all other papers on file in the State Court Action are attached hereto as *Exhibit A.*

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendant was served with Plaintiff's summons and Petition. *See Ex. A*, Server's Return of Summons.

4. Removal to this Court is appropriate because the United States District Court for the Eastern District of Missouri, Eastern Division encompasses the Twenty-First Judicial Circuit Court of St. Louis County, Missouri. 28 U.S.C. §§ 105(1)(1), 1441(a), and 1446(a).

5. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Section 1332(a)(1).

## II. IDENTITY OF DEFENDANT

6. The caption of the Petition incorrectly identifies Defendant as Keurig Dr Pepper Inc. The correct name of Defendant is Dr Pepper/Seven Up Manufacturing Company.

7. Because the Plaintiff has named the incorrect defendant, the Civil Cover Sheet, filed contemporaneously with this removal, identifies the correct defendant, to wit: Dr Pepper/Seven Up Manufacturing Company.

## III. DIVERSITY OF CITIZENSHIP

8. Plaintiff, to Defendant's knowledge, is a resident of Missouri. *Ex. A*, Pet. ¶ 5.

9. Defendant is a Delaware corporation. *See* Declaration of Janet Barrett, at ¶ 5, attached as *Exhibit B*.

10. Defendant's principal place of business is located in Frisco, Texas. *Ex. B* at ¶¶ 5-7, 11.

11. Among Defendant's fifteen (15) officers, ten (10) officers are located in Frisco, Texas, including its President and Chief Executive Officer, its Chief Legal Officer and Secretary, its Presidents of Cold Beverages and Coffee, its Chief Marketing Officer, its SVP and Controller,

its Vice President and Treasurer, its Assistant Secretary, and two of its officers holding the title VP and Assistant Secretary. *See Ex. B* at ¶ 7. *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193-94 (2010) (holding that "[t]he phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."); *Wireman v. Casey's Gen. Stores*, 638 F.3d 984, 1004 (8th Cir. 2011) (same); *Warren v. Dr. Pepper/Seven Up Mfg. Co.*, No. 4:13-cv-00526-ERW, 2013 WL 4507846, at *2 (E.D. Mo. Aug. 23, 2013) (same).

12. The remaining five (5) officers of Defendant are located in Burlington Massachusetts, Elmsford, New York, or Waterbury, Vermont. *See Ex. B* at ¶¶ 8-10.

13. Further, all of the accounting, financial, legal, quality control, human resource, and other services for Defendant are directed from either Frisco, Texas or Burlington, Massachusetts. *See Ex. B* at ¶ 11.

14. As all parties to this action are residents of different states, complete diversity of citizenship exists for jurisdictional purposes.

## IV. AMOUNT IN CONTROVERSY

15. When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *Harris v. Meridian Med. Techs., Inc.*, No. 4:21-cv-00229-JCH, 2021 WL 1750154, at *1 (E.D. Mo. May 4, 2021) (citing 28 U.S.C. § 1446(c)(2)(A)).

16. In Missouri, state law prohibits plaintiffs from specifying damages in their state court complaints, and accordingly, the Court looks to the Notice of Removal to determine the amount in controversy. *See Ingram v. Procter & Gamble Paper Products Co.*, 2011 WL

1564060, at *2 (E.D. Mo. Apr. 25, 2011); Mo. R. Civ. P. 55.05 ("no dollar amount shall be included in the demand except to determine the proper jurisdictional authority.").

17. To demonstrate the amount in controversy is met, the defendant must prove the "jurisdictional fact" of the amount by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Id*. Therefore, if a defendant can show that a fact finder could legally award more than $75,000, its pleading burden is met. *Id.* Additionally, the defendant's burden is merely a pleading requirement, not a demand for proof. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

18. Courts consider compensatory damages, punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life. Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

19. While Plaintiff does not specifically plead the amount of damages that he is seeking, the amount in controversy claimed exceeds $75,000.

20. Plaintiff's Petition seeks damages under the MHRA resulting from the alleged discrimination and retaliation of Defendant. *See Ex. A*, Pet. The MHRA allows for potential recovery of lost wages, front wages, compensatory damages, punitive damages, and attorneys' fees. *See* MO. REV. STAT. § 213.111.2.

21. Plaintiff's alleged damages include compensatory damages, emotional distress damages, and punitive damages. *See Ex. A*, Pet. ¶ 61. Plaintiff also seeks an award of attorneys' fees and costs. *Id.*

22. Plaintiff began working for Defendant on or about August 17, 2020. *Ex. A.*, Pet. ¶ 12. Plaintiff was terminated from his employment with Defendant on or about December 11, 2020. *Id.* at ¶ 29. During Plaintiff's employment with Defendant, Plaintiff received a total of $22,881.70 in compensation, which is the equivalent to approximately $71,998.45 in annual earnings. *See* Plaintiff's 2020 W-2, attached as *Exhibit C*.

23. From the date of Plaintiff's termination, through the filing of this Notice of Removal, Plaintiff's claim for lost wages, alone, amount to approximately $63,516.44.

24. Several recent discrimination awards under the MHRA have far exceeded $75,000. *See, e.g. Salerno v. MPI Mgmt. LLC*, W.D. Mo., Case No. 19-0145-CV-WBP (October 2020 jury awarded $500,000 in compensatory damages and $4,000,000 on plaintiff's MHRA discrimination claim); *Wildhaber v. St. Louis County, Missouri*, St. Louis County, Mo., Case No. 17SL-CC00133 (October 2019 jury awarded $1,980,000 in actual damages and $10,000,000 in punitive damages on plaintiff's discrimination claim, and $990,000 in actual damages and $7,000,000 in punitive damages on plaintiff's MHRA retaliation claim); *Kennedy v. Dealer Protection LLC*, St. Charles County, Mo., Case No. 1711-CC00134 (November 2018 jury awarded $22,414 in lost wages, $75,000 for emotional distress, and $200,000 in punitive damages on Plaintiff's MHRA retaliation claim).

25. Further, if Plaintiff prevails on his claims at trial, it is certainly likely that his attorneys' fees will exceed $75,000. *See Farmer v. Missouri Department of Health*, City of St. Louis, Mo., Case No. 1422-CC0409 ($373,452 in attorneys' fees awarded to prevailing plaintiff

in retaliation and hostile work environment claim under MHRA); *Darks v. Jackson County, Missouri*, Jackson County, Mo., Case No. 1716-CV09262 ($371,610 in attorneys' fees awarded to prevailing plaintiff in retaliation claim under MHRA).

26. Based on the allegations in the Petition, it is clear that "a fact finder might legally (and reasonably) conclude that the damages exceed $75,000, exclusive of cost." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

## V. ALL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

27. Defendant has properly removed this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

28. Pursuant to 28 U.S.C. § 1446(d), after filing this Notice of Removal, Defendant shall promptly serve written notice of this Notice of Removal on counsel for Plaintiff, the only adverse party, and file the same with the Clerk of the Circuit Court of St. Louis County, Missouri.

29. By removing this action from the Circuit Court of St. Louis County, Missouri, Defendant does not waive any defenses available to it.

30. By removing this action from the Circuit Court of St. Louis County, Missouri, Defendant does not admit any of the allegations contained in Plaintiff's Petition.

**WHEREFORE**, Defendant removes the above-captioned action currently pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: October 29, 2021

Respectfully Submitted,

**FORDHARRISON LLP**

*/s/ Matthew B. Banocy*

Corey L. Franklin, #52066MO
Matthew B. Banocy, #67219MO
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0305 – *Phone*
(314) 257-0325 – *Fax*
cfranklin@fordharrison.com
mbanocy@fordharrison.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 29th day of October, 2021.

The undersigned further certifies that a true and correct copy of the foregoing was served on the following parties via e-mail and U.S. Mail, postage prepaid, on the 29th of October, 2021, properly addressed as follows:

Kevin J. Kasper
Ryan P. Schellert
Kasper Law Firm, LLC
3930 Old Hwy 94 South – Suite 108
St. Charles, MO 63304
(636) 922-7100 – *Telephone*
(866) 303-2874
kevinkasper@kasperlawfirm.net
ryanschellert@kasperlawfirm.net

*Attorneys for Plaintiff*

*/s/ Matthew B. Banocy*