**21SL-CC04303**

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **STEVEN CAFIERO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **KEURIG DR PEPPER INC.** | ) | |
| Serve: | ) | **JURY TRIAL DEMANDED** |
| 8900 Page Ave | ) | |
| Overland, MO 63114 | ) | |
| | ) | |
| **Defendant.** | ) | |

### PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW, Plaintiff Steven Cafiero, by and through his attorneys, and for his

Petition for Violations of the Missouri Human Rights Act, against Defendant Keurig Dr Pepper

Inc. (Defendant KDP), states:

### JURISDICTION AND PARTIES

1.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial

part of the events giving rise to this cause of action occurred in St. Louis County, Missouri.

2.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010

RSMo., et seq. (MHRA)

3.      Plaintiff timely filed a charge of discrimination on or about December 15, 2020

with the EEOC, Charge number 560-2021-00736 which was dually filed with the Missouri

Commission on Human Rights, Charge number FE-12/20-32714.

4.      Plaintiff was issued a Notice of Right to Sue from the Missouri Commission on

Human Rights on June 16, 2021.

1



Defendant's
Notice of Removal
Exhibit A

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

5.      Plaintiff, Steven Cafiero is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

6.      Defendant Keurig Dr Pepper Inc. is a foreign for-profit corporation that at all relevant times herein conducted business within Saint Louis County, Missouri.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

7.      Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

8.      This Petition is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

9.      At all relevant times herein, the Defendant was an employer as defined by the MHRA.

10.      Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

11.      Plaintiff is a male.

12.      Plaintiff began working for Defendant KDP on or about August 17, 2020 as an electrical mechanical technician.

13.      Several of Plaintiff's coworkers, Jeff Davis and Paul Grady, made frequent jokes and comments of a sexual nature which had the purpose and effect of creating an intimidating, hostile, and offensive working environment.

14.      Plaintiff complained to his manager, Chad Bates, about the offensive comments and jokes.

15.      Plaintiff's manager acknowledged that he was aware that Jeff and Paul frequently made such comments.

2

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

16.     Plaintiff's manager said to get along with them and they did not mean any harm.

17.     Plaintiff's manager indicated that he spoke with Jeff and Paul.

18.     After that, Jeff and Paul isolated Plaintiff and Plaintiff was basically working by himself.

19.     Paul accused Plaintiff of being a racist.

20.     On November 30, 2020, Plaintiff spoke with his manager, Chad again about Jeff and Paul.

21.     Chad gave Plaintiff an evaluation on December 2, 2020.

22.     It was an outstanding evaluation and Chad seemed to be happy about Plaintiff working there.

23.     Plaintiff also spoke with Chad again about the comments from Jeff and Paul.

24.     On or about December 9, 2020, Kay in human resources for Defendant KDP, called Plaintiff into the office and accused him of "throwing gang signs".

25.     Chad laughed at the comment.

26.     Plaintiff complained that Jeff and Paul were making the offensive comments.

27.     Chad acknowledged that Jeff and Paul made the frequent comment.

28.     Later that day, the Defendant suspended Plaintiff.

29.     On December 11, 2020, Chad and Kay called Plaintiff and told him, he was terminated.

30.     They refused to tell Plaintiff the specific reason for his termination, but Plaintiff believed it to be retaliation because of his complaints.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

31.     Defendant Keurig Dr. Pepper, Inc., and its agents and employees, have harassed and discriminated and retaliated against Plaintiff, including terminating him because of Plaintiff's sex and complaints of harassment.

32.     The Defendant discriminated against Plaintiff because of his male gender.

33.     The Defendant also retaliated against Plaintiff because of his complaints of harassment.

34.     The discrimination Plaintiff was subjected to, based on his sex and complaints of harassment was on a continuing and daily basis from the start of Plaintiff's employment in August 2020 to Plaintiff's date of termination, December 11, 2020.

35.     Male employees were treated differently than female employees at the Defendant.

36.     Plaintiff has been harassed, discriminated and retaliated against based on his sex and his complaints of discrimination and harassment.

37.     Plaintiff has been subjected to a hostile work environment due to his sex and complaints regarding the harassment and discrimination.

38.     Plaintiff was subject to unwelcome harassment and discrimination by the Defendant and its agents and employees.

39.     During Plaintiff's term of employment, he was harassed and discriminated against in that he was subjected to hostile, offensive, abusive and unwelcome conduct and statements.

40.     The harassment Plaintiff was subjected to was based on his sex and complaints regarding the harassment and discrimination.

41.     The Defendant established and permitted an environment very hostile to Plaintiff and made it very difficult for the Plaintiff to perform his job duties.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

42.     The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of his employment.

43.     The Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

44.     The management staff for the Defendant was unsupportive of the Plaintiff's complaints.

45.     Despite the complaints by Plaintiff, offensive, abusive and unwelcomed conduct and statements toward the Plaintiff continued.

46.     The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

47.     The Defendant took discriminatory and harassing actions towards the Plaintiff in regards to his job duties and by treating female employees more favorable, and by retaliating against the Plaintiff because of his sex and his complaints of discrimination and harassment.

48.     The discriminatory and harassing actions of Plaintiff's managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

49.     Plaintiff found his work environment to be hostile, offensive and/or abusive.

50.     Plaintiff complained to supervisors for the Defendant about the issues but they refused to address the situation.

51.     The Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

52.     The Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

53.     Plaintiff was subject to discriminatory actions by the Defendant and its agents and employees.

54.     The Defendant actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

55.     Plaintiff was harassed, discriminated against, and terminated by the Defendant because of his sex and complaints of discrimination and harassment and for exercising his rights under the Missouri Human Rights Act, as it relates to employment.

56.     The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect him status as an employee, because of him sex and his complaints of harassment and discrimination.

57.     The Defendant harassed, terminated and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his sex and his complaints of harassment and discrimination.

58.     The Defendant harassed, retaliated and discriminated against Plaintiff because he opposed practices prohibited by Chapter 213 R.S.Mo. and/or because he filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

59.     The Defendant, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against the Plaintiff on account of his sex and complaints of harassment and discrimination on a continuing basis, since August 2020 to the date of Plaintiff's termination, December 11, 2020, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

60.     Plaintiff's sex and his complaints of harassment and discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a motivating factor and the exclusive cause in Defendant's discrimination and retaliation and actions against him including him termination.

61.     Plaintiff has suffered financial loss including but not limited to lost wages and benefits, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

62.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

63.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

64.     The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant has violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

<u>**DEMAND FOR A JURY TRIAL**</u>

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Ryan Schellert*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

**21SL-CC04303**

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

STEVEN CAFIERO
_____
Plaintiff/Petitioner

9/14/2021
_____
Date

vs.

KEURIG DR PEPPER INC.
_____
Defendant/Respondent

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now STEVEN CAFIERO _____, pursuant
                          Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wayne Polette | 3930 S. Old Hwy 94 St. Charles MO | 6369227100 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
KEURIG DR PEPPER INC.
_____
Name
8900 Page Ave
_____
Address
Overland, MO 63114
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
        Deputy Clerk

_____
Date

_____
Attorney/Plaintiff/Petitioner
56710
_____
Bar No.
3930 S. Old Hwy 94 Ste 108 St. Charles, MO
_____
Address
636-922-7100
_____
Phone No.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - St Louis County - September 14, 2021 - 03:45 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - St Louis County - September 15, 2021 - 04:20 PM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

 Steven Cafiero
Plaintiff/Petitioner

September 15, 2021
Date

 21SL-CC04303
Case Number

vs.

 Keurig Dr Pepper Inc.
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Steven Cafiero                                    , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Wayne Polette             3930 S. Old Hwy 94, ste. 108, St. Charles MO 63304 636-922-7100
Name of Process Server                Address                                          Telephone

Name of Process Server                Address or in the Alternative                    Telephone

Name of Process Server                Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 Keurig Dr Pepper Inc.
Name                                            Name
 8900 Page Ave.
Address                                         Address
 Overland, MO 63114
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                Signature of Attorney/Plaintiff/Petitioner
                                                 56710
By      */s/Austin Wampler*                      Bar No.
Deputy Clerk                                      3930 S. Old Hwy 94, Ste 108 St. Charles MO 63304
         09/24/2021                              Address
                                                 (636) 922-7100        (866) 303-2874
Date                                             Phone No.                     Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St. Louis County - September 15, 2021 - 04:20 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

Electronically Filed - St Louis County - September 15, 2021 - 04:20 PM

## VERDICT C

Note:      Complete this form by writing in the name required by your verdict.

On the claim of plaintiff John Eto for retaliation against defendant BJC Health System, we, the undersigned jurors, find in favor of:

_____
(Plaintiff John Eto)                                    or                              (Defendant BJC Health System)

Note:      Complete the following paragraph only if the above finding is in favor of plaintiff John Eto.

We, the undersigned jurors, assess the damages of plaintiff John Eto as follows:

For back pay $_____ (stating the amount or, if none, write the word, "none").

For past economic losses excluding back pay $_____ (stating the amount or, if none, write the word, "none").

For future economic losses $_____ (stating the amount or, if none, write the word, "none").

For non-economic losses $_____ (stating the amount or, if none, write the word, "none").

Note:      If you found in favor of plaintiff John Eto and against defendant BJC Health System, complete the following paragraph by writing in the word(s) required by your verdict.

We, the undersigned jurors, find that defendant BJC Health System _____ liable for punitive damages.
                                                                                ("is" or "is not")

Note:      All jurors who agree to the above must legibly sign or print their names below.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**MAI 38.10 [2018 New] Missouri Human Rights Act—Verdict Form (for actions accruing on or after August 28, 2017)**

*Submitted by Defendant*

Electronically Filed - St Louis County - September 15, 2021 - 04:20 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

_Steven Cafiero_
Plaintiff/Petitioner

vs.

_Keurig Dr Pepper Inc._
Defendant/Respondent

September 15, 2021
Date

21SL-CC04303
Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Steven Cafiero_, pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Wayne Polette_        _3930 S. Old Hwy 94, ste. 108, St. Charles MO 63304_   _636-922-7100_
Name of Process Server               Address                                              Telephone

_____        _____         _____
Name of Process Server               Address or in the Alternative                    Telephone

_____        _____         _____
Name of Process Server               Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
_Keurig Dr Pepper Inc._                             _____
Name                                                Name
_8900 Page Ave._                                    _____
Address                                             Address
_Overland, MO 63114_                                _____
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:
_____                             _____
Name                                                Name
_____                             _____
Address                                             Address
_____                             _____
City/State/Zip                                      City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk                   _____
                                                    Signature of Attorney/Plaintiff/Petitioner
                                                    _56710_
By _____                          Bar No.
    Deputy Clerk                                    _3930 S. Old Hwy 94, Ste 108 St. Charles MO 63304_
                                                    Address
                                                    _(636) 922-7100_      _(866) 303-2874_
_____                             Phone No.                    Fax No.
Date

CCADM62-WS   Rev. 07/19

Electronically Filed - St Louis County - September 15, 2021 - 04:20 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

Electronically Filed - St Louis County - September 15, 2021 - 04:20 PM

# VERDICT C

Note:     Complete this form by writing in the name required by your verdict.

On the claim of plaintiff John Eto for retaliation against defendant BJC Health System, we, the undersigned jurors, find in favor of:

_____
(Plaintiff John Eto)                    or                    (Defendant BJC Health System)

Note:     Complete the following paragraph only if the above finding is in favor of plaintiff John Eto.

We, the undersigned jurors, assess the damages of plaintiff John Eto as follows:

For back pay $_____ (stating the amount or, if none, write the word, "none").

For past economic losses excluding back pay $_____ (stating the amount or, if none, write the word, "none").

For future economic losses $_____ (stating the amount or, if none, write the word, "none").

For non-economic losses $_____ (stating the amount or, if none, write the word, "none").

Note:     If you found in favor of plaintiff John Eto and against defendant BJC Health System, complete the following paragraph by writing in the word(s) required by your verdict.

We, the undersigned jurors, find that defendant BJC Health System _____ liable for punitive damages.
                                                                                          ("is" or "is not")

Note:     All jurors who agree to the above must legibly sign or print their names below.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**MAI 38.10 [2018 New] Missouri Human Rights Act—Verdict Form (for actions accruing on or after August 28, 2017)**

*Submitted by Defendant*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number:  21SL-CC04303 |
|---|---|
| Plaintiff/Petitioner:<br>STEVEN CAFIERO | Plaintiff's/Petitioner's Attorney/Address<br>RYAN SCHELLERT<br>SUITE 108<br>3930 OLD HIGHWAY 94 S<br>vs.  SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> KEURIG DR PEPPER INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**   KEURIG DR PEPPER INC.
                                                    **Alias:**

KEURIG DR PEPPER INC.
8900 PAGE AVE
OVERLAND, MO  63114

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>24-SEP-2021</u>
**Date**                                              _____
                                                                              Clerk

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
       Subscribed and sworn to before me on _____ (date).

*(Seal)*

       My commission expires: _____        _____
                                                                Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



Electronically Filed - St Louis County - October 01, 2021 - 01:47 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 21SL-CC04303 |
|---|---|
| Plaintiff/Petitioner:<br>STEVEN CAFIERO | Plaintiff's/Petitioner's Attorney/Address<br>RYAN SCHELLERT<br>SUITE 108<br>3930 OLD HIGHWAY 94 S<br>SAINT CHARLES, MO 63304 |
| vs. | |
| Defendant/Respondent:<br>KEURIG DR PEPPER INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **KEURIG DR PEPPER INC.**
                          **Alias:**

**KEURIG DR PEPPER INC.**
**8900 PAGE AVE**
**OVERLAND, MO 63114**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of
which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the
above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to
file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please
notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov,
or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court
proceeding.

<u>24-SEP-2021</u>
Date                                                          _____
                                                                      Clerk
**Further Information:**
AW

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who
permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____                    _____
                    (name)                                          (title).

☒ other **Kay Slover - 8900 Page Ave. Overland, mo 63114**
Served at _____ (address)
in **St. Louis** (County/City of St. Louis), MO, on **10-1-21** (date) at **12:35 p** (time).

**Wayne Polette**                                        **Wayne Polette**
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

AMANDA L. MILLER          Subscribed and sworn to before me on **10-1-21** (date).
Notary Public – Notary Seal
St Charles County – State of Missouri  My commission expires: **Oct. 06 2021** _____
Commission Number 13534807                              Date          Notary Public
My Commission Expires Oct 6, 2021

---

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 21-SMCC-8601**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - October 01, 2021 - 01:47 PM

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.