UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN CAFIERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-01303-JAR |
| | ) |
| KEURIG DR PEPPER INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Keurig Dr Pepper Inc. (Doc. 7).[1] The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted in part.

**I.   BACKGROUND**

Plaintiff Steven Cafiero began working for Defendant as an electrical mechanical technician on or about August 17, 2020.[2] Plaintiff alleges that certain coworkers (the "Coworkers") made frequent inappropriate, sexual jokes which created a hostile and offensive work environment. Plaintiff complained to his manager ("Manager"), who spoke with Coworkers about the issue but generally advised Plaintiff to attempt to get along with them. Coworkers subsequently isolated Plaintiff. On December 2, 2020, Manager gave Plaintiff an outstanding evaluation. Just one week later, however, a human resources employee ("HR Employee") of Defendant called Plaintiff in and accused him of "throwing gang signs." Plaintiff responded that Coworkers were responsible

---

[1] In its supporting memorandum, Defendant identifies itself as "Dr Pepper/Seven Up Manufacturing Company" and notes that "Plaintiff has named an incorrect entity." (Doc. 8 at 1 n.1).

[2] Unless otherwise noted, all facts discussed in this section are taken from Plaintiff's complaint (Doc. 6) and accepted as true for purposes of this motion to dismiss.

1

for any offensive comments. On December 11, 2020, after initially suspending Plaintiff, HR Employee and Manager called Plaintiff and terminated his employment.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Missouri Commission on Human Rights ("MCHR") on December 15, 2020. The MCHR issued Plaintiff a Notice of Right to Sue on June 16, 2021. On September 14, 2021, Plaintiff commenced an action in Missouri state court alleging violations of the Missouri Human Rights Act ("MHRA") by Defendant, who was served on October 1, 2021. (Doc. 1 at ¶¶ 1-2). Plaintiff's one-count complaint alleges that Defendant (i) discriminated against Plaintiff because of his male gender; (ii) permitted discriminatory and harassing actions resulting in a hostile work environment; and (iii) retaliated against Plaintiff after his complaints of harassment. Defendant timely removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶¶ 5, 8-14). Defendant now seeks to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to state a plausible claim for relief.

**II.     LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(alteration in original) (citations omitted). When ruling on a motion to dismiss under Rule 12(b)(6), the district court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III.   DISCUSSION

Defendant contends that Plaintiff's complaint employs "conclusory labels devoid of factual enhancement" and accordingly fails to satisfy the *Twombly* and *Iqbal* pleading requirements. (Doc. 8 at 1). Plaintiff responds that he has "adequately pled his claims with factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." (Doc. 9 at 1). The sole question on this motion to dismiss is whether Plaintiff's complaint contains sufficient grounds to state a claim for relief that is plausible on its face. *Iqbal*, 566 U.S. at 678. The Court generally agrees with Defendant that Plaintiff's complaint is extremely bare-bones, lacks pertinent details, and essentially offers a formulaic recitation of the elements of his claims.

Plaintiff brings claims against Defendant under the MHRA for discriminating on the basis of Plaintiff's gender, permitting a hostile work environment, and retaliating against Plaintiff for complaining to Manager. The Supreme Court has clearly held that "the ordinary rules for assessing sufficiency of a complaint apply" to employment discrimination cases, and a plaintiff need not plead a prima facie case of discrimination to establish a plausible claim for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). The Eighth Circuit has clarified, however, that the elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (citations omitted); *see also Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at

3

\*6 (E.D. Mo. Jan. 27, 2015) ("The elements of a prima facie case are relevant to a plausibility determination."). The Court will heed this guidance while considering the plausibility of Plaintiff's MHRA claims.

Gender Discrimination

The MHRA prohibits employment discrimination "because of" gender. MO. REV. STAT. § 213.055; *see also Marez v. Saint-Gobain Containers, Inc.*, 740 F. Supp. 2d 1057, 1066 (E.D. Mo. 2010). To establish a gender discrimination claim under the MHRA, Plaintiff must show that "(1) he was a member of a protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly situated female employees." *West v. Minact, Inc.*, 2021 WL 4497853, at \*5 (W.D. Mo. Sept. 30, 2021) (citation omitted). Courts in this district have clarified that disparate treatment relative to similarly situated employees is not a strict requirement, but only "one way to show" that discrimination motivated an adverse employment action. *Krone v. City of Pine Lawn*, No. 4:16-CV-1801 RLW, 2017 WL 1424320, at \*1 (E.D. Mo. Apr. 20, 2017) (citation omitted). In 2017, the Missouri legislature amended the MHRA to align with federal law and provide that "an employer violates the MHRA if the employee's protected status was the *motivating* factor in an adverse employment action," which "imposes a higher burden upon the employee than the prior 'contributing factor' standard." *Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 794-95 (Mo. Ct. App. 2018) (citations omitted); *see* MO. REV. STAT. § 213.010(2) (defining "because of"); MO. REV. STAT. § 213.101(4) (abrogating case which adopted contributing factor standard). A "motivating factor" actually "play[s] a role in the adverse action or decision and ha[s] a determinative influence." MO. REV. STAT. § 213.010(19).

Plaintiff's factual allegations of gender discrimination are scarce and primarily consist of legal conclusions. Both Coworkers are male, and Plaintiff does not identify any similarly situated female employee who received more favorable treatment. Plaintiff baldly asserts that Defendant "terminat[ed] him because of [his] sex," "discriminated against Plaintiff because of his male gender," and that "[m]ale employees were treated differently than female employees." (Doc. 6 at ¶¶ 31-35). These unsupported legal conclusions do not amount to "sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (internal quotation omitted). There are no factual allegations in the complaint supporting a plausible claim that gender was a motivating factor in Plaintiff's termination, as required to establish a gender discrimination claim under the MHRA. Courts in the Eighth Circuit have consistently dismissed similar complaints. *See, e.g.*, *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (dismissing § 1983 gender discrimination claim where plaintiff did not allege any gender-related comments or conduct); *Lott v. Maplewood Richmond Heights Sch. Dist.*, No. 4:19-CV-53-CDP, 2019 WL 2450932, at *2 (E.D. Mo. June 12, 2019) ("With no factual allegations to support his legal conclusion that he was discriminated against because of his race or age, such claims of discrimination must be dismissed."); *Evans v. Blanton Constr. Co.*, No. 4:17-CV-1389 SPM, 2018 WL 3375092, at *5 (E.D. Mo. July 11, 2018) (dismissing discrimination claim where plaintiff "does not allege any facts suggesting that any agents of [defendant] had any negative feelings about [plaintiff] based on any protected characteristic"). Accordingly, the Court will dismiss Plaintiff's gender discrimination claim.

Hostile Work Environment

Under the MHRA, a successful hostile work environment claim requires the plaintiff to show that "(1) he is a member of a group protected under the MHRA; (2) he was subjected to unwelcome harassment; (3) the plaintiff's membership in the protected group was a motivating factor in the harassment; and (4) a term, condition, or privilege of the plaintiff's employment was affected by the harassment." *Eivins v. Mo. Dep't of Corr.*, No. WD 84321, 2021 WL 4954136, at *16 (Mo. Ct. App. Oct. 26, 2021) (citation omitted). The fourth element has both objective and subjective components, as the harassment must be "permeated with discriminatory intimidation . . . both viewed subjectively by the plaintiff and viewed objectively by a reasonable person." *M.W. by and through K.W. v. Six Flags St. Louis, LLC*, 605 S.W.3d 400, 410 (Mo. Ct. App. 2020) (citation omitted). Some courts have identified an additional requirement that the employer knew or should have known of the harassment and failed to take appropriate action. *See, e.g.*, *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 527 (Mo. Ct. App. 2009) (citation omitted).

Courts must look to the "totality of the circumstances" in assessing the hostility of a work environment, and discriminatory conduct only affects a term, condition, or privilege of employment if "it is sufficiently severe or pervasive enough to alter the conditions of a plaintiff's employment and create an abusive working environment." *Bram*, 564 S.W.3d at 798 (citations omitted). Generally, a hostile work environment claim does not consist of acts "of a nature that can be identified individually as significant events; instead, the day-to-day harassment is primarily significant . . . in its cumulative effect." *Alhalabi*, 300 S.W.3d at 526 (citation omitted); *see also Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016) (internal quotations omitted) ("[S]tandards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment.").

Plaintiff's hostile work environment allegations primarily consist of legal conclusions. (Doc. 6 at ¶¶ 37, 39, 41, 42, 48-49, 57). Plaintiff does specifically claim that Coworkers, also male, "made frequent jokes and comments of a sexual nature" and one Coworker "accused Plaintiff of being racist." (*Id.* at ¶¶ 13, 19). Plaintiff has not explained how these comments amounted to discrimination on the basis of Plaintiff's gender, nor has he offered meaningful detail regarding the nature of such comments. These are precisely the sort of isolated incidents, moreover, that do not state a plausible hostile work environment under the MHRA because they are not sufficiently pervasive to affect a term, condition, or privilege of employment. *See LeGrand v. Area Res. for Cmty. and Human Servs.*, 394 F.3d 1098 (8th Cir. 2005) (holding three isolated incidents over nine-month period were not so pervasive as to poison work environment); *Hoaglin v. Hyvee Inc.*, No. 6:18-3262-CV-RK, 2019 WL 2028559, at *4 (W.D. Mo. May 8, 2019) (citation omitted) ("More than a few isolated incidents are required."); *M.W. by and through K.W.*, 605 S.W.3d at 413 (three brief instances of misconduct of no more than a few minutes each did not state plausible claim for hostile work environment). The Court will dismiss the hostile work environment claim because Plaintiff has failed to state a plausible claim for relief at this juncture.

Retaliation

The MHRA prohibits retaliation against any person because such person opposed a practice prohibited by the MHRA. Mo. Rev. Stat. § 213.070(2). A plaintiff can make a successful MHRA retaliation claim by showing that "(1) []he complained of or otherwise opposed discrimination; (2) the [employer] took adverse action against [him]; and (3) a causal relationship exists between the complaint and the adverse action." *Harrison v. Harris-Stowe Univ.*, 626 S.W.3d 843, 857 (Mo. Ct. App. 2021); *see also Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 886 (8th Cir. 2015). To retaliate is to "inflict in return," and retaliation includes "any act done for the purpose of reprisal

7

that results in damage to the plaintiff." *McGaughy v. Laclede Gas Co.*, 604 S.W.3d 730, 751 (Mo. Ct. App. 2020) (citation omitted). A plaintiff must prove that his employer took the retaliatory adverse action because of his complaint. *Bram*, 564 S.W.3d at 799; *see also* MO. REV. STAT. § 213.070(2).

Plaintiff began working at Defendant on August 17, 2020, and shortly thereafter complained to Manager about sexual comments made by Coworkers. (Doc. 6 at ¶¶ 12-14). Plaintiff complained to Manager about Coworkers again on November 30, 2020. (*Id.* at ¶ 20). A few days later, after receiving an "outstanding evaluation" from Manager, Plaintiff again discussed the offensive comments by Coworkers. (*Id.* at ¶¶ 21-23). On December 9, 2020, HR Employee called Plaintiff into his or her office, accused Plaintiff of "throwing gang signs," and suspended him (*Id.* at ¶¶ 24, 28). Two days later, Manager and HR Employee called Plaintiff and informed him he was terminated. (*Id.* at ¶ 29). Plaintiff contends that he was fired because of his complaints, especially considering HR Employee and Manager refused to provide specific reasons for Plaintiff's termination. (*Id.* at ¶ 30).

When a plaintiff lacks direct evidence of retaliation, courts consider circumstantial evidence such as a good work record prior to making a complaint, temporal proximity between the complaint and adverse action, atypical employment action, and the credence of the employer's proffered explanation. *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 49-51 (Mo. Ct. App. 2016). In this case, Plaintiff claims that he received an outstanding evaluation on December 2, 2020 but was terminated just over one week later. The Court notes, however, that Plaintiff received the evaluation *after* having already made the complaints underlying his retaliation claim and was terminated for the proffered reason of "throwing gang signs," which he has not denied doing. The temporal proximity between Plaintiff's complaints and termination – especially considering

8

Plaintiff's short tenure as an employee of Defendant – does not by itself state a plausible retaliation claim under the MHRA. *See Shirrell*, 793 F.3d at 886 ("Without other evidence, the fact that [plaintiff's] discharge occurred three months after her complaint is insufficient to prove causation."); *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 716 (8th Cir. 2000) (citations omitted) ("Generally, however, more than a temporal connection between protected activity and an adverse employment action is required to show a genuine factual issue on retaliation exists.").

Plaintiff's "general, conclusory allegations and opinions, without more, are not sufficient to raise an inference of retaliation." *Carter v. CSL Plasma, Inc.*, 63 F. Supp. 3d 1034, 1047 (W.D. Mo. 2014) (citation omitted). Because the only circumstantial evidence of retaliation is the temporal proximity between Plaintiff's complaints and termination, which is not sufficient to state a plausible claim for relief, the Court will dismiss Plaintiff's retaliation claim.

<u>Filing an Amended Complaint</u>

As to each of Plaintiff's MHRA claims, the Court has determined that the bare-bones complaint lacks specific allegations adequate to state a plausible claim for relief. This Court has the discretion, however, to provide Plaintiff an opportunity to amend his complaint in order to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) ("[D]istrict court's decision to permit amendment is discretionary . . . [and] we will reverse a denial of such permission when the plaintiff has shown it can cure the lack of specificity."). In these circumstances, the Court will dismiss Plaintiff's complaint without prejudice while granting Plaintiff leave to file an amended complaint. *See Dunne v. Res. Converting, LLC*, No. 4:16-CV-1351 DDN, 2017 WL 564485, at *5 (E.D. Mo. Feb. 13, 2017) (granting leave to amend complaint lacking adequate specificity).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED in part**, and Plaintiff's complaint (Doc. 6) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a First Amended Complaint within **fifteen (15) days** of this Memorandum and Order. If Plaintiff fails to file a First Amended Complaint within this period, the Court will enter an order of dismissal.

Dated this 1st day of December, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE